1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| TED DEAN PRATT, | Case No. EDCV 07-374 SVW(JC) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JOHN MARSHALL, | |
| Respondent. | |

17   This Report and Recommendation is submitted to the Honorable

18  Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and

19  General Order 05-07 of the United States District Court for the Central District of

20  California.

21  **I.   SUMMARY**

22      On May 10, 2007, Ted Dean Pratt ("petitioner"), a state prisoner proceeding

23  *pro se*, filed the operative First Amended Petition for Writ of Habeas Corpus by a

24  Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, with

25  attachments ("Petition Att.").[1]   Petitioner challenges a 2005 conviction in

26  _____

27      [1]The Petition attachments consist of (1) a two-page Incident Report, dated December 4,
28  2003 ("Petition Att. 1"); (2) a Riverside County Superior Court Order Re:  Petition for Writ of
(continued...)

1

1   Riverside County Superior Court on the following grounds:  (1) petitioner's

2   Fourth Amendment rights were violated by the use of illegally seized evidence;

3   and (2) petitioner's trial counsel was ineffective in multiple respects.  (Petition at

4   5).

5          On June 27, 2007 respondent filed an Answer and a supporting

6   memorandum ("Answer").[2]  Petitioner did not file a Reply.

7          For the reasons stated below, the Petition should be denied, and this action

8   should be dismissed with prejudice.

9   **II.    PROCEDURAL HISTORY**

10         **A.    Conviction, Sentencing, Direct Appeal and State Collateral**

11                 **Review**

12         On November 9, 2005, a Riverside County Superior Court jury found

13  petitioner guilty of felony possession of methamphetamine (count 1),

14  misdemeanor possession of drug paraphernalia (count 2), and failure to appear

15  (count 3).[3]  (CT 106, 120-22; RT 185-87).  On the same date, petitioner admitted

16  that on or about March 19, 1997, he had suffered a prior felony conviction for first

17  degree residential burglary in 1997 (the "Prior Conviction").[4]  (CT 107; RT 187-

18  88).  The trial court found that the Prior Conviction qualified as both a prior prison

19

20  ─────────────────

21         [1](...continued)
    Habeas Corpus, dated September 26, 2006 ("Petition Att. 2"); (3) a California Court of Appeal
22  order denying a petition for writ of habeas corpus, dated October 30, 2006 ("Petition Att. 3");
    and (4) a California Supreme Court order denying a petition for writ of habeas corpus, dated
23  January 17, 2007 ("Petition Att. 4").

24         [2]Respondent concurrently lodged multiple documents in support of the Answer ("Lodged
25  Doc.") including the Clerk's Transcript ("CT") and the Reporter's Transcript ("RT").

26         [3]The acts charged in counts 1 and 2 were alleged to have occurred on December 4, 2003.
27  (CT 82).  The act charged in count 3 was alleged to have occurred on July 5, 2005.  (CT 83).

28         [4]At trial, petitioner testified that he was convicted of a felony residential burglary on April
    17, 1997.  (RT 112).

1   term, as defined by California Penal Code section 667.5(b), and a prior strike, as

2   defined by California Penal Code sections 667(c), 667(e)(1), and 1170.12(c)(1).

3   (CT 83-84; 107; RT 187-88).

4          The trial court sentenced petitioner to state prison for a total of five years,

5   consisting of:  (1) a mid-term sentence of two years on count 1, doubled to four

6   years due to the prior strike conviction; (2) a concurrent 180-day term on count 2;

7   (3) a concurrent four-year term on count 3; and (4) a consecutive one-year

8   sentence due to the prior prison term enhancement.  (CT 107, 129; RT 188-89).

9          On August 8, 2006, the California Court of Appeal affirmed the judgment in

10  a reasoned decision.  (Lodged Doc. 6).  Petitioner did not seek direct review in the

11  California Supreme Court.  (Petition at 3).

12         Petitioner sought, and was denied habeas relief in the Riverside County

13  Superior Court, the California Court of Appeal and the California Supreme Court.

14  (Lodged Docs. 7-10; Petition at 3-5; Petition Att. 2-4).

15  **B.     The Prior Conviction**[5]

16         On March 19, 1997, a Riverside County Superior Court jury convicted

17  petitioner of, among other things, burglary.  (SFA Petition at 2; SFA Lodged Doc.

18  1 at 2).  On April 17, 1997, the trial court sentenced petitioner to six years, eight

19  months in state prison.  (SFA Petition at 1; SFA Lodged Doc. 1 at 2).

20         On August 4, 1998, the California Court of Appeal affirmed the judgment in

21  all pertinent respects.  (SFA Lodged Doc. 1).  The California Supreme Court

22  denied review on October 21, 1998.  (SFA Lodged Doc. 2).

23  

24         [5]The facts set forth in this section are drawn from court records filed or lodged in the
separate federal habeas case filed by petitioner in this district in the case entitled Ted Dean Pratt
25  v. John Marshall, et al., No. EDCV 07-395 SVW(JC) (the "Second Federal Action").  In the
Second Federal Action, petitioner challenges the Prior Conviction.  This court takes judicial
26  notice of the court files and records in the Second Federal Action.  See Fed. R. Evid. 201; United
States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own
27  records in other cases).  The petition for writ of habeas corpus filed in the Second Federal Action
is referred to as the "SFA Petition." Documents lodged in the Second Federal Action are referred
28  to as "SFA Lodged Doc."

3

1    Petitioner thereafter sought, and was denied habeas relief in the Riverside

2 County Superior Court, the California Court of Appeal and the California Supreme

3 Court.  (SFA Lodged Docs. 3-10).

4    Petitioner served his prison term and was released on June 23, 2000.  (SFA

5 Petition at 2).  He completed his parole term in 2003.  (SFA Lodged Doc. 8;

6 Petition at 5).

7    On February 17, 2007, petitioner constructively filed the SFA Petition.

8 (SFA Petition at 1).  This court has concurrently issued a Report and

9 Recommendation recommending that the District Judge deny the SFA Petition and

10 dismiss the Second Federal Action with prejudice because the SFA Petition is

11 time-barred.[6]

12 **III.   FACTS**[7]

13    During the course of a traffic stop for speeding, petitioner consented to a

14 search of his person and vehicle.  On petitioner's person, the patrol officer found a

15 glass pipe containing a white residue and a small bindle containing white powder.

16 At trial, the parties stipulated the bindle contained .29 grams of methamphetamine.

17

18    [6]To the extent petitioner intends by the instant Petition or the SFA Petition to challenge
19 his sentence in the instant action by asserting that the Prior Conviction used to enhance his
sentence in the instant action was unconstitutionally obtained, such a claim is not cognizable on
20 federal habeas review.  As noted above and explained in the Report and Recommendation filed
in the Second Federal Action, the Prior Conviction is no longer open to direct or collateral attack
21 in its own right because it is time-barred.  Because petitioner was represented by counsel when
he suffered the Prior Conviction, the Prior Conviction is not subject to challenge in a federal
22 habeas action.  See Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001) (absent
23 violation of right to appointed counsel, criminal defendant may not collaterally attack prior
conviction used to enhance sentence when prior conviction no longer open to direct or collateral
24 attack in its own right because defendant failed to pursue those remedies when they were
available or defendant did so unsuccessfully); Garcia v. Superior Court, 14 Cal.4th 953 (1997)
25 (California defendant in non-capital case has no constitutional right to challenge prior conviction
26 used to enhance state sentence except on ground of absolute denial of counsel).

27    [7]The facts set forth are drawn from the California Court of Appeal's decision on direct
28 appeal.  (Lodged Doc. 6).  Such factual findings are presumed correct.  28 U.S.C. § 2254(e)(1).

4

1    **IV.    STANDARD OF REVIEW**

2        This court may entertain a petition for writ of habeas corpus "on behalf of a

3   person in custody pursuant to the judgment of a State court only on the ground that

4   he is in custody in violation of the Constitution or laws or treaties of the United

5   States." 28 U.S.C. § 2254(a).  A federal court may not grant an application for

6   writ of habeas corpus on behalf of a person in state custody with respect to any

7   claim that was adjudicated on the merits in state court proceedings unless the

8   adjudication of the claim:  (1) "resulted in a decision that was contrary to, or

9   involved an unreasonable application of, clearly established Federal law, as

10   determined by the Supreme Court of the United States"; or (2) "resulted in a

11   decision that was based on an unreasonable determination of the facts in light of

12   the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[8]

13   However, the state court need not cite or even be aware of the controlling Supreme

14   Court cases, "so long as neither the reasoning nor the result of the state-court

15   decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002).

16        "[C]learly established Federal law" under section 2254(d)(1) is "the

17   governing legal principle or principles set forth by the Supreme Court at the time

18   the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72

19   (2003).  In the absence of a Supreme Court decision that "squarely addresses the

20   issue" in the case before the state court, Wright v. Van Patten ("Van Patten"), 552

21   U.S. 120, 125 (2008), or establishes an applicable general principle that "clearly

22   extend[s]" to the case before a federal habeas court to the extent required by the

23   Supreme Court in its recent decisions, Van Patten, 552 U.S. at 123; see also

24   Panetti v. Quarterman, 551 U.S. 930, 953 (2007); Carey v. Musladin ("Musladin"),

25   ─────────────────

26        [8]The California Supreme Court's denial of review without comment generally constitutes
27   an adjudication on the merits of any federal claims, thereby subjecting such claims to review in
    federal habeas proceedings. Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992), cert.
28   denied, 510 U.S. 887 (1993).

5

1   549 U.S. 70, 76 (2006), a federal habeas court cannot conclude that a state court's
2   adjudication of that issue resulted in a decision contrary to, or an unreasonable
3   application of, clearly established Supreme Court precedent. <u>Moses v. Payne</u>, 555
4   F.3d 742, 760 (9th Cir. 2009) (citing <u>Van Patten</u>, 552 U.S. at 126).

5        Ninth Circuit precedent may be persuasive authority for purposes of
6   determining whether a particular state court decision is an unreasonable
7   application of Supreme Court law, and may also help determine what law is
8   clearly established. <u>Sims v. Rowland</u>, 414 F.3d 1148, 1151 (9th Cir.), <u>cert. denied</u>,
9   546 U.S. 1066 (2005) (citations and quotation marks omitted).  However, in light
10  of <u>Van Patten</u> and <u>Musladin</u>, circuit law may not be used to fill open questions in
11  the Supreme Court's holdings for purposes of federal habeas analysis. <u>Moses</u>, 555
12  F.3d at 760 (citing <u>Musladin</u>, 549 U.S. at 76 and <u>Crater v. Galaza</u>, 491 F.3d 1119,
13  1126 & n.8 (9th Cir. 2007) (explaining that, in <u>Musladin</u>, the Supreme Court
14  "discussed and accepted" the principle that § 2254(d)(1) imposes "limits on the
15  relevance of circuit precedent"), <u>cert. denied</u>, 128 S. Ct. 2961 (2008)).

16       A state court decision is "contrary to" clearly established federal law if:
17  (1) it applies a rule that contradicts governing Supreme Court law; or (2) it
18  "confronts a set of facts . . . materially indistinguishable" from a decision of the
19  Supreme Court but reaches a different result. <u>See</u> <u>Early</u>, 537 U.S. at 8 (quoting
20  <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)).

21       Under the "unreasonable application" prong of section 2254(d)(1), a federal
22  court may grant habeas relief if the state court identifies the correct governing
23  legal principle from the Supreme Court's decisions but unreasonably applies that
24  principle to the facts of the petitioner's case. <u>Williams v. Taylor</u>, 529 U.S. at 413.

25       "In order for a federal court to find a state court's application of [Supreme
26  Court] precedent 'unreasonable,' the state court's decision must have been more
27  than incorrect or erroneous." <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003)
28  (citation omitted).  "The state court's application must have been 'objectively

1   unreasonable.'" Id. at 520-21 (citation omitted); see also Clark v. Murphy, 331

2   F.3d 1062, 1068 (9th Cir.) (under "unreasonable application" clause, federal

3   habeas court may not issue writ simply because it concludes in its independent

4   judgment that relevant state court decision applied clearly established law

5   erroneously or incorrectly; rather, application must be objectively unreasonable),

6   cert. denied, 540 U.S. 968 (2003).  The habeas petitioner bears the burden of

7   demonstrating the objectively unreasonable nature of the state court decision in

8   light of controlling Supreme Court authority.  Woodford v. Visciotti, 537 U.S. 19,

9   24 (2002).

10       In applying these standards, federal courts look to the last reasoned state

11   court decision.  See Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006) (citation

12   and quotations omitted).  "Where there has been one reasoned state judgment

13   rejecting a federal claim, later unexplained orders upholding that judgment or

14   rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501

15   U.S. 797, 803 (1991); see also Gill v. Ayers, 342 F.3d 911, 917 n.5 (9th Cir. 2003)

16   (federal courts "look through" unexplained rulings of higher state courts to the last

17   reasoned decision).  However, to the extent no such reasoned opinion exists,

18   courts must conduct an independent review of the record to determine whether the

19   state court clearly erred in its application of controlling federal law, and

20   consequently, whether the state court's decision was objectively unreasonable.

21   Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

22       When it is clear, however, that the state court has not decided an issue,

23   review of such issue is de novo.  Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th

24   Cir. 2006).

25   ///

26   ///

27   ///

28   ///

7

**V.   DISCUSSION**[9]

Petitioner claims he is entitled to federal habeas relief because:
(1) petitioner's Fourth Amendment rights were violated by the use of illegally
seized evidence; and (2) petitioner's trial counsel was ineffective in multiple
respects.  Petitioner is not entitled to habeas relief on any of his claims.

**A.   Petitioner's Fourth Amendment Claim**

Petitioner contends that he is entitled to habeas relief because the police
violated the Fourth Amendment by detaining him without reasonable suspicion
and searching him without his consent.  (Petition at 5).  Petitioner's Fourth
Amendment claim is not cognizable on federal habeas review.

Where the state has provided an opportunity for full and fair litigation of a
Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief
on the ground that evidence obtained in an unconstitutional search or seizure was
introduced at his trial.  See Stone v. Powell, 428 U.S. 465, 494 (1976).  California
affords such an opportunity to criminal defendants under state law.  See Gordon v.
Duran, 895 F.2d 610, 613 (9th Cir. 1990).

In this case, petitioner had a full and fair opportunity to litigate his Fourth
Amendment claim in state court by virtue of California Penal Code § 1538.5.[10]
The fact that petitioner and/or his counsel did not avail themselves of such an
opportunity is immaterial.  Ortiz. v. Sandoval, 81 F.3d 891, 899 (9th Cir. 1996)
(relevant inquiry is whether petitioner had opportunity to litigate his claim, not
whether he did in fact do so or even whether claim was correctly decided)
///

---

[9]The court has read, considered and rejected on the merits all of petitioner's contentions.
The court discusses petitioner's principal contentions herein.

[10]California Penal Code Section 1538.5 authorizes criminal defendants to seek the
suppression of evidence obtained as a result of an unreasonable search or seizure.  Cal. Penal
Code § 1538.5.

1  (citations omitted).  Accordingly, petitioner is not entitled to federal habeas relief
2  on his Fourth Amendment Claim.

3  **B.    Ineffective Assistance of Trial Counsel**

4  Petitioner appears to argue that his trial counsel rendered ineffective
5  assistance because counsel:  (1) failed to file a motion to suppress evidence;
6  (2) failed effectively to cross-examine a police officer; and (3) failed to challenge
7  the use of the Prior Conviction to enhance petitioner's sentence as a prior prison
8  term pursuant to California Penal Code section 667.5(b).  (Petition at 5).  As the
9  California Supreme Court rejected this claim without comment on habeas review,
10  and as there is no reasoned state decision to look through to, this court has
11  conducted an independent review of the record to determine whether the
12  California Supreme Court's decision was objectively unreasonable.  See Delgado
13  v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  Petitioner is not entitled to federal
14  habeas relief on his ineffective assistance of counsel claims.

15  **1.    Relevant Law**

16  The Sixth Amendment of the United States Constitution as applied to the
17  states through the Fourteenth Amendment guarantees a state criminal defendant
18  the right to effective assistance of counsel at trial.  Evitts v. Lucey, 469 U.S. 387
19  (1985).  To warrant habeas relief due to ineffective assistance of counsel, an
20  applicant must show both that counsel's representation fell below an objective
21  standard of reasonableness and that counsel's deficient performance prejudiced the
22  defense.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  A court may
23  reject an ineffective assistance claim upon finding either that counsel's
24  performance was reasonable or that the alleged error was not prejudicial.
25  Strickland, 466 U.S. at 687, 697; United States v. Thomas, 417 F.3d 1053, 1056
26  (9th Cir. 2005), cert. denied, 546 U.S. 1121 (2006).  Failure to satisfy either prong
27  of the Strickland test obviates the need to consider the other.  Rios v. Rocha, 299
28  F.3d 796, 805 (9th Cir. 2002).

9

1    Review of counsel's performance is "highly deferential" and there is a
2  "strong presumption" that counsel rendered adequate assistance and exercised
3  reasonable professional judgment.  Williams v. Woodford, 384 F.3d 567, 610 (9th
4  Cir. 2004), cert. denied, 546 U.S. 934 (2005) (quoting Strickland, 466 U.S. at
5  689).  Courts judge the reasonableness of an attorney's conduct "on the facts of
6  the particular case, viewed as of the time of counsel's conduct."  466 U.S. at 690.
7  The court may "neither second-guess counsel's decisions, nor apply the fabled
8  twenty-twenty vision of hindsight."  Karis v. Calderon, 283 F.3d 1117, 1130 (9th
9  Cir. 2002), cert. denied, 539 U.S. 958 (2003) (citation and quotations omitted); see
10 Yarborough v. Gentry, 540 U.S. 1, 8 (2003) ("The Sixth Amendment guarantees
11 reasonable competence, not perfect advocacy judged with the benefit of
12 hindsight.") (citations omitted); Morris v. California, 966 F.2d 448, 456-57 (9th
13 Cir.), cert. denied, 506 U.S. 831 (1992), (if court can conceive of reasonable
14 tactical purpose for counsel's action or inaction, court need not determine actual
15 explanation).  A habeas petitioner bears the burden to overcome the presumption
16 that, under the circumstances, the challenged action constituted competent
17 representation.  Strickland, 466 U.S. at 689.
18    To prove prejudice, it is not enough to show that counsel's errors had some
19 conceivable effect on the outcome.  Strickland, 466 U.S. at 693.  A habeas
20 petitioner has the burden of showing a reasonable probability, i.e., "a probability
21 sufficient to undermine confidence in the outcome," that, but for counsel's errors,
22 the result of the proceeding would have been different.  Id. at 694-95; see also,
23 Lord v. Wood, 184 F.3d 1083, 1085-86 (9th Cir. 1999), cert. denied, 528 U.S.
24 1198 (2000).
25            **2.    Counsel's Failure to File a Motion to Suppress Evidence**
26    Petitioner contends that his counsel was ineffective because he failed to file
27 a motion to suppress evidence against him.  (Petition at 5).  This claim does not
28 merit relief.

10

### a.   Pertinent Facts

Prior to the introduction of evidence at trial, petitioner's counsel told the trial court that he would not be raising a motion to suppress even though petitioner denied giving consent to search.  (RT 46).

At trial, the prosecution called as a witness the officer who had conducted the traffic stop of petitioner and who had seized the methamphetamine and drug paraphernalia from petitioner.  The officer, Deputy Stanley Holmes, testified to the following:  He was on patrol on December 4, 2003.  (RT 53).  At about 2:15 a.m., he followed a vehicle for approximately a half a mile and stopped the vehicle for speeding – going 65 miles per hour in a 45 miles per hour zone.  (RT 53-54, 71).  Petitioner was the driver of the vehicle.  (RT 54).  Deputy Holmes told petitioner why petitioner had been stopped.  (RT 55).  Petitioner appeared to be nervous and upset.  (RT 55).  Deputy Holmes asked petitioner if he had anything illegal on his person or in his vehicle.  (RT 55).  Petitioner said that he "didn't think so."  (RT 55).  Deputy Holmes asked petitioner if the deputy could search petitioner's person or his vehicle.  (RT 56).  Petitioner said "yes."  (RT 56).  Deputy Holmes found a glass smoking pipe in petitioner's jacket pocket which had a white residue inside it.  (RT 57, 60).  Deputy Holmes also found a small bindle in petitioner's coin pocket.  (RT 61).  The bindle consisted of a white powdery substance wrapped in plastic paper.  (RT 61).  The white substance resembled methamphetamine and field-tested positive for methamphetamine.  (RT 61, 65).  The substance and the wrapping paper together weighed approximately half a gram.[11]  (RT 66).  Deputy Holmes advised petitioner of his <u>Miranda</u> rights.[12]  (RT ///

---

[11]As noted above, the parties stipulated at trial that the methamphetamine weighed .29 grams.  (RT 88).

[12]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

11

1   68).  Petitioner thereafter told Deputy Holmes that the white substance was

2   "crystal meth," and that it belonged to petitioner.  (RT 69).

3                    **b.    Analysis**

4         Petitioner fails to demonstrate that his trial counsel was deficient in failing

5   to move to suppress the methamphetamine and the drug paraphernalia seized as a

6   result of Deputy Holmes' traffic stop and search of petitioner.  The facts above

7   suggest that petitioner's counsel affirmatively elected not to pursue such a motion

8   as an exercise of professional judgment.  It is reasonable to infer that petitioner's

9   counsel concluded that any such motion would be futile because the presiding

10   judge would have been unlikely to accept the word of petitioner, who had been

11   convicted of multiple felonies and had a motive to lie, over that of Deputy

12   Holmes.  Petitioner's counsel cannot be deemed deficient for failing to file, and

13   petitioner cannot have been prejudiced by the failure to file a non-meritorious

14   motion to suppress such evidence.  See Juan H. v. Allen, 408 F.3d 1262, 1273-74

15   (9th Cir. 2005) (state court was not objectively unreasonable in holding that

16   performance of counsel did not fall below objective standard of reasonableness on

17   account of not raising meritless objection), cert. denied, 546 U.S. 1137 (2006);

18   Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1170 (9th Cir. 2003) (to prevail on

19   Sixth Amendment claim rooted in defense counsel's failure to litigate Fourth

20   Amendment issue, petitioner must establish that motion to suppress would have

21   been meritorious); Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to

22   take futile action can never be deficient performance), cert. denied, 519 U.S. 1142

23   (1997).

24         As petitioner fails to demonstrate that a motion to suppress would have been

25   successful or that his counsel was ineffective in failing to file such a motion, the

26   California Supreme Court's rejection of this claim was not contrary to, or an

27   objectively unreasonable application of, any clearly established federal law, and

28   did not constitute an unreasonable determination of the facts in light of the

                                   12

1  evidence presented.  Accordingly, petitioner is not entitled to habeas relief on this

2  claim.

3       **3.      Counsel's Allegedly Deficient Cross-Examination of Police**

4            **Officer**

5       Petitioner appears to argue that his counsel was deficient in failing to cross-

6  examine Deputy Holmes regarding a date discrepancy in the deputy's incident

7  report.  Specifically, although petitioner was not stopped and arrested until

8  December 4, 2003, the incident report reflects that the officer submitted the

9  methamphetamine pipe seized from petitioner to the lab for testing on a prior date,

10  *i.e.*, November 17, 2003.  (Petition Att. 1 at 2).  In light of the fact that the police

11  report elsewhere reflects that the items were seized from petitioner on December

12  4, 2003, the minor and likely typographical nature of the error, and the fact that it

13  was likely easily explainable, this court finds no likelihood that cross-examining

14  Deputy Holmes regarding the date discrepancy would have impacted the outcome

15  of the trial.

16       **4.      Failure to Challenge Use of Prior Conviction to Enhance**

17            **Sentence**

18       Petitioner appears to contend that his counsel was ineffective in failing

19  to challenge the use of petitioner's 1997 Prior Conviction to enhance his sentence

20  pursuant to California Penal Code section 667.5(b) because petitioner suffered the

21  Prior Conviction more than five years before he was arrested in the instant case.

22  This claim lacks merit.

23       California Penal Code section 667.5(b) requires the imposition of a

24  consecutive one-year sentence for a prior felony prison term provided, however,

25  that no additional term shall be imposed for any prison term *served* prior to a

26  period of five years in which the defendant remained free of both prison custody

27  and the commission of an offense which resulted in a felony conviction.

28  California Penal Code § 667.5(b) (emphasis added).  A defendant is deemed to

13

remain in prison custody for an offense until the official discharge from custody or until release on parole.  Cal. Penal Code § 667.5(d).  Here, petitioner was discharged from custody and released on parole for the Prior Conviction on June 23, 2000.  As petitioner was found to possess methamphetamine on December 4, 2003 – less than five years after he was released on the Prior Conviction – petitioner's sentence in the instant case was properly enhanced based upon the Prior Conviction pursuant to California Penal Code section 667.5(b).

**VI.    RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Judge issue an Order:  (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:   March 22, 2010

_____/s/_____

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

14